UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20849-CR-AJ(s)

UNITED STATES OF AMERICA

vs.

ASHOK NARAIN MAHIBUBANI-LADHARAM,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and ASHOK NARAIN MAHIBUBANI-LADHARAM (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 24 of the Indictment, which counts charge the defendant with conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Section 1956(h); and conspiracy to import cocaine into the United States, in violation of Title 21, United States Code, Section 963.

2. The United States agrees to seek dismissal of Counts 2 through 23, and 25 of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is

also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.  The defendant also understands and acknowledges that the court must impose a minimum term of imprisonment of 10 years and may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release of up to life. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $4,000,000.00.

5.  The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6.  The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing

Guidelines, the court impose a sentence without regard to any statutory minimum sentence identified in paragraph 4 above, provided that:

    (a)    defendant is not found to have more than one criminal history point, as determined under the Sentencing Guidelines;

    (b)    not later than the time of the sentencing hearing the defendant provides to the United States a written statement truthfully setting forth all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the indictment; and

    (c)    the defendant is not found to have used violence or threats of violence, or to have possessed a firearm or other dangerous weapon in connection with the offense; that the offense did not result in death or serious bodily injury to any person; and that the defendant is not found to have been an organizer, leader, manager or supervisor of others in the offense.

9.    The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

    a.    <u>Value of laundered funds:</u> That the value of the laundered funds for purposes of Section 2S1.1(a)(2) and the table in Section 2B1.1 is $698,560.00 dollars.

    b.    <u>Specific offense characteristics:</u> That for the purposes of Section 2S1.1(b)(i) that the defendant knew or believed that the laundered funds were the proceeds of an offense involving the manufacture, importation, or distribution of a controlled substance.

    c. <u>Quantity of narcotics</u>: That the quantity of controlled substance involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines and is at least 50 kilograms but less than 150 kilograms of cocaine.

 10. The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his/her knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

 11. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his/her plea based upon the court's decision

not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he/she has discussed the appeal waiver set forth in this agreement with his/her attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his/her right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless

contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

                                  JEFFREY H. SLOMAN
                                  ACTING UNITED STATES ATTORNEY

Date: 10/5/09              By: _____
                                  Eric E. Morales
                                  Assistant U.S. Attorney

Date: 10/1/09              By: _____
                                  JEFFREY M. VOLUCK
                                  ATTORNEY FOR DEFENDANT

Date: 1 OCT 2009          By: _____
                                  ASHOK NARAIN MAHIBUBANI-LADHARAM
                                  DEFENDANT